**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ADVANTAGE FREIGHT NETWORK,<br><br>    Plaintiff,<br><br>    v.<br><br>JAVIER SANCHEZ and CARLOS ORTIZ,<br><br>    Defendants.<br>_____/ | CASE NO. CV-F-07-827-LJO-SMS<br><br>**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION**  (Doc. 37) |

Plaintiff Advantage Freight Network ("Plaintiff") submitted an ex parte application to shorten time to conduct a hearing for a motion to re-open discovery and continue the pretrial conference and trial dates. This Court denied Plaintiff's motion, finding no good cause to re-open discovery. Thereafter, Plaintiff filed a motion to reconsider this Court's order denying Plaintiff's ex parte motion. Having reviewed Plaintiff's motion for reconsideration, including the memorandum of points and authorities and the declaration of Plaintiff's counsel Miles Kavaller, this Court issues the following order.

Advantage Freight moves to re-open discovery to obtain expert witness testimony and disclosures on the issue of negligence. Advantage Freight also seeks to obtain deposition testimony of Best Buy's vendor and transportation provider in China to establish the contents of the cartons that were ultimately stolen, the loss of which is at issue in this action. To accomplish this additional discovery, Advantage Freight proposes to continue the October 2, 2008 pre-trial conference. The matter is currently scheduled for a November 17, 2008 trial.

Reconsideration is appropriate when the district court is presented with newly discovered evidence, committed clear error, or there is an intervening change in controlling law. *School District No. 1J, Multnomah County, Oregon v. A C and S, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993), *cert. denied*, 512 U.S. 1236 (1994). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Publisher's Resource, Inc. v. Walker Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985) (quoting *Keene Corp. v. Int'l Fid. Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1982), *aff'd*, 736 F.2d 388 (7th Cir. 1984); *see also*, *Novato Fire Protection Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir. 1999), *cert. denied*, 529 U.S. 1129 (2000). Reconsideration should not be used to "argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F.Supp. 1239, 1240 (D. Del. 1990). Under this Court's Local Rule 78-230(k), a party seeking reconsideration must demonstrate "what new facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion and why the facts or circumstances were not shown at the time of the prior motion."

Plaintiff demonstrates no change in law or fact to justify consideration of this Court's order. Specifically, there has been no change in the law on the issue of the burden of proof, nor has there been a change in the possibilities Plaintiff faced since the date Plaintiff initiated this action. As Plaintiff recognizes, "[t]he negligence issue and the party with the burden of proof was not free of doubt and was dependent on whether Sanchez retained his status as a motor carrier after the attempted delivery to Best Buy." Thus, Plaintiff has been aware of the possibility that it would bear the burden of proof since the inception of this lawsuit. That Plaintiff failed to prepare for this possibility prior to the discovery cut-off date does not demonstrate good cause to re-open discovery.

Plaintiff's request to re-open discovery is based on Plaintiff's misunderstanding of this Court's order on the issue of evidence. Plaintiff contends that this Court "required further evidence of the contents of the shrink wrapped cartons substantiating that they contained DVD drives." The Court's order does not require Plaintiff to provide and/or gather further evidence. Rather, the Court found that summary adjudication was inappropriate based on the evidence provided, because issues of fact remain on the issue. Whether the container contained DVD players is a question of fact that this Court cannot

decide as a matter of law.

Plaintiff's prejudice, if any, was caused by Plaintiff's choices. Plaintiff chose to raise the Fed. R. Civ. P. 56 motion after the discovery cut-off and chose not to prepare for the possibility that it may not prevail on that motion. Although this Court finds that Plaintiff's prejudice, if any, was self-imposed, the Court does not decide this matter on the issue of prejudice. This Court must consider whether new facts or law exist to establish good cause to reconsider its order and re-open discovery. Having considered Plaintiff's motion, this Court finds that no conditions exist to justify reconsideration of this Court's order.

For the foregoing reasons, this Court DENIES Plaintiff's motion for reconsideration.

IT IS SO ORDERED.

**Dated:    September 15, 2008**          /s/ Lawrence J. O'Neill
                                          UNITED STATES DISTRICT JUDGE